IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY R. GARNEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | )   No. CIV-24-462-R |
| | ) |
| CHILDREN'S HOSPITAL, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

The following motions are pending before the Court: Motion to Dismiss of Defendant Oklahoma County Police Department and Wade Gourley [Doc. No. 14]; Motion to Dismiss of Defendant Vicki Behenna [Doc. No. 17]; Motion to Dismiss of Defendant OU Medicine, Inc. d/b/a Oklahoma Children's Hospital [Doc. No. 18]; and Motion to Dismiss of Defendant Oklahoma Department of Human Services [Doc. No. 24]. Plaintiff, who is proceeding pro se and in forma pauperis, responded in opposition [Doc. Nos. 23, 26]¹ and Defendant OU Medicine submitted a reply [Doc. No. 25]. In their respective motions, Defendants assert that this Court lacks subject matter jurisdiction over Plaintiff's

---

¹ Plaintiff's response brief includes a request that default judgment be entered against the Oklahoma Department of Human Services. The request is in violation of LCvR7.1(c), which states that "[a] response to a motion may not also include a motion or a cross-motion made by the responding party." In any event, the request is denied as moot based on the Court's prior order [Doc. No. 22] granting the Department of Human Services' request to file a responsive pleading out of time.

1

claims, the claims are barred by the statute of limitations, and the Complaint fails to state a claim.

## FACTUAL BACKGROUND

Plaintiff's Complaint [Doc. No. 1] purports to assert claims under the Fifth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 against Children's Hospital, the Oklahoma County District Attorney's Office, the Oklahoma Department of Human Services, and the Oklahoma City Police Department.[2] The Complaint generally asserts that Plaintiff's 1999 criminal conviction in Oklahoma state court was the result of various wrongful acts, such as using falsified evidence and perjured testimony. Although the allegations are somewhat disjointed, the Complaint alleges that Children's Hospital, along with the District Attorney's Office and the Department of Human Services, were involved in falsely representing that a doctor conducted an exam on Defendant's victim. The Complaint also attacks the investigation performed by an OCPD officer, accuses the District Attorney's office of bias and misrepresentation, and claims that the Department of Human Services failed to inform him of his rights to appeal their determination of abuse.

---

[2] The Complaint also names Myka Oberlechner in her official capacity as director of Children's Hospital, Vicki Behenna in her official capacity as the head of the District Attorney's Office, Deborah Shropshire in her official capacity as director of the Department of Human Services, and Wade Gourley in his official capacity as chief of police for the OCPD. These official capacity claims are treated as claims against the entity the individual represents. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). To the extent the Complaint intended to assert individual capacity claims against these defendants, they would be subject to dismissal for many the same reasons outlined below.

As noted by Defendants, this is not Plaintiff's first attempt at undermining the validity of his conviction. Plaintiff has repeatedly, and unsuccessfully, challenged his state court conviction through direct appeal and requests for post-conviction relief.[3] *See Garneau v. Oklahoma,* Case No. F-2000-31 (Okla. Ct. Crim. App.); *Garneau v. Oklahoma*, Case No. PC-2002-1080 (Okla. Ct. Crim. App.); *Garneau v. Oklahoma,* Case No. PC-2015-356 (Okla. Ct. Crim. App.); *Garneau v. Oklahoma*, Case No. O-115305 (Okla.); *Garneau v. Oklahoma,* Case No. DF-116674 (Okla.); *Garneau v. Oklahoma,* Case No. MA-18-160 (Okla. Ct. Crim. App.); *Garneau v. Oklahoma,* Case No. HC-2019-965 (Okla. Ct. Crim. App.). Defendants raise a number of defenses to Plaintiff's claims and each is addressed below.

## DISCUSSION

### A. *Rooker-Feldman* Doctrine

The *Rooker–Feldman* doctrine prevents federal district courts from entertaining actions brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). To determine whether *Rooker-Feldman* applies, courts consider whether "the state court judgment *caused*, actually and proximately, the *injury* for which the federal court plaintiff

---

[3] The Court takes judicial notice of these state court records. *See United States v. Ahidley*, 486 F.3d 1184, 1192 (10th Cir. 2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

seeks *redress*." *Kanth v. Lubeck*, 123 F. App'x 921, 924 (10th Cir. 2005). "If it did, *Rooker-Feldman* deprives the federal court of jurisdiction." *Id*. (quotations and citation omitted). The *Rooker–Feldman* doctrine applies both to "claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment." *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) (internal quotation marks and brackets omitted). At bottom, the *Rooker-Feldman* doctrine instructs that "errors in state cases should be reviewed and settled through the state appellate process." *Id*. at 1256 n.11 (10th Cir. 2006).

Plaintiff's claim falls comfortably within the confines of the *Rooker-Feldman* doctrine. Plaintiff complains of injuries caused by his state court conviction, which was rendered long before he initiated this action, and he is essentially seeking review and rejection of the state court judgment. To the extent he asserts that the conviction was the result of fraud, unlawful acts, or other errors, those issues must be raised in state court. *Id*. at 1256-57 ("It is true that new allegations of fraud might create grounds for appeal, but that appeal should be brought in the state courts."). Because Plaintiff's claims are inextricably intertwined with the state court judgment, they are barred by *Rooker-Feldman* and the Court cannot exercise jurisdiction over the claims.

### B.  *Heck v. Humphrey* Doctrine

To the extent Plaintiff's claims survive the bar imposed by the *Rooker-Feldman* doctrine, they are also subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Court held that an action brought pursuant to § 1983 is not cognizable if a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. "The purpose behind *Heck* is to prevent litigants from using a

§ 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir.2007). Thus, if a prisoner is seeking redress from a governmental entity or officer under § 1983, a court must consider whether a judgment in the prisoner's favor would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. If so, the court must dismiss the complaint if the conviction or sentence has not been invalidated. *Id*.

Plaintiff alleges that various officials and entities falsified evidence or otherwise acted unlawfully and fraudulently in prosecuting his criminal case. A favorable judgment based on these allegations would necessarily imply the invalidity of his conviction and sentence. Because Plaintiff has not alleged that his conviction has been reversed or declared invalid, his claims are subject to dismissal under *Heck*.

### C. Statute of Limitations

Plaintiff's claims are also barred by the state of limitations. His claims all concern actions taken in connection with his 1999 state court conviction, which is well outside the two-year statute of limitations that applies in this case. *See* Okla. Stat. tit. 12, § 95(3). Further, there can be no doubt that Plaintiff knew of the facts underlying his claims well over two years ago given that he made similar arguments in his 2019 habeas action. *See Garneau v. Oklahoma*, HC-2019-965 (Okla. Ct. Crim. App.).

### D. Eleventh Amendment Immunity

The Eleventh Amendment bars suits in federal court for money damages against a state, its agencies, and state officers sued in their official capacity. *Peterson v. Martinez*,

5

707 F.3d 1197, 1205 (10th Cir. 2013). Although exceptions exist where the state waives Eleventh Amendment immunity or if immunity is abrogated by Congress, neither of those apply here. *Pettigrew v. Okla. ex rel. Okla. Dep't of Public Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013); Okla. Stat. tit. 51 § 152.1(B); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Plaintiff's Complaint requests money damages from the Oklahoma Department of Human Services. As a state agency, this Defendant is entitled to Eleventh Amendment immunity and the claims asserted against it are therefore dismissed without prejudice.

E. **Improper Parties**

Apart from the issues noted above, the Complaint also names improper parties as defendants. "While a city, county, or municipality may be named as a defendant in a civil action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants." *Crabtree v. Oklahoma*, No. 13-CV-688-JED-TLW, 2013 WL 6633019, at *4 (N.D. Okla. Dec. 17, 2013). For this reason, the Oklahoma City Police Department and the Oklahoma County District Attorney's Office are not proper parties.

F. **Failure to State a Plausible Claim under § 1983**

Finally, the Complaint includes insufficient factual allegations to state a plausible claim under § 1983. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48–49 (1988). Plaintiff has not alleged facts from which it could plausibly be inferred that Defendant Children's Hospital is a state actor. *See*

*Daniels v. Bd. of Regents of Univ. of Oklahoma*, No. CIV-22-625-R, 2023 WL 2881817, at *2 (W.D. Okla. Apr. 10, 2023). Additionally, to succeed on a claim against a governmental entity under § 1983, the plaintiff must show that the government entity's official policy or custom caused a constitutional injury. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). Although Plaintiff alleges that certain actions caused him injury, he has no allegations plausibly suggesting they were the result of a policy or custom. For that reason, the claims are also subject to dismissal under Fed. R. Civ. P. 12(b) for failure to state a claim.

## CONCLUSION

As outlined above, Defendants' respective Motions to Dismiss are GRANTED and this action is dismissed without prejudice. Although the Court might ordinarily permit Plaintiff to amend his pleadings in light of his pro se status, the Court declines to do so here because it is apparent that amendment would be futile as Plaintiff's claims are either against persons not subject to suit under § 1983 or barred by the *Rooker-Feldman* doctrine, *Heck v. Humphrey*, and/or the statute of limitations.

IT IS SO ORDERED this 2nd day of October, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE